CRIMINAL APPEALS
CERTIFICATE OF NOTICE OF APPEAL TO THE FOURTH COURT OF APPEALS

TRIAL COURT NO. 2013CR0670

THE STATE OF TEXAS

/S

SHAUNA DENAY RIPLEY

IN THE 437TH DISTRICT COURT
FILED IN
OF  4th COURT OF APPEALS
SAN ANTONIO, TEXAS

BEXAR COUNTY, TEXAS
APR 13 2018; 11:36 AM

KEITH E. HOTTLE
Clerk

1. Defendant filed motion for new trial: X no __ yes, date filed:_____

2. Notice of appeal was filed on 05-12-2015

3. The Honorable LORI VALENZUELA _____ presided at the hearing .

4. The above named defendant was charged _____ of the offense(s) of INTOXICATION MANSLAUGHTER

as a (Ristxxxxxxxx)(Xxxxxxxxxx).

5. State's appeal attorney: NICHOLAS LAHOOD _____ 300 Dolorosa, Suite 4025, Bexar County Justice
Center, San Antonio, Texas,78205 (210)335-2413    SBN: 24030360 _____

6. Hearing _____ Attorney(s): DEBORAH S BURKE _____

(Retained)(Appointed) Appeals attorney:DEBORAH S BURKE _____
Address & Phone No:325 S MAIN AVE SAN ANTONIO, TX, 78204-1016 (210)299-1137    SBN: 3387475

Defendant Pro-Se__ Yes X No
7. The trial held was:___Trial before the Court        ___Jury trial on guilt only
                       ___Jury trial on punishment only    ___Jury trial guilt and punishment
                       ___Plea of guilt / nolo contendere to court - negotiated plea agreement followed by court
                       _X_Pretrial motion heard prior to plea   ___Open/non negotiated plea of guilty/nolo contendere
                       ___Motion to enter adjudication of guilt  ___Motion to revoke community supervision
                       ___Other_____

8. The motion TO SUPPRESS BLOOD TEST        was denied on 09/02/2014

9. Defendant is presently in: X BCADC ___ TDCJID. Defendant is on ___ ** RWOB ** _____ appeal bond.

10. Name and Address of Court Reporter(s) who reported the evidence: ROXIE PENA 01/07/2013 _____
    LINDA HERNANDEZ 09/11/2014, 09/17/2014, 10/30/2014, 11/03/2014
    02/09/2015 AND 04/29/2015.
11. If two or more cases were tried together the other cases that have been or may be appealed are:(Defendant's name
    & cause number) _____

WITNESS MY HAND THIS THE 12th DAY OF May _____, 2015 __

COURT REPORTER(S):_____ Notified _____ Date:_____

MAY 1 2 2015

Date:_____

KEITH E. HOTTLE, CLERK

BY:_____ Date:_____
   Deputy

DONNA KAY MCKINNEY
BEXAR COUNTY DISTRICT CLERK
BY:_____

CADE, JACQUELINE _____ ,DEPUTY

(jsdca)



DON... RAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

NO. 2013-CR-0670

'14 JUL -1 AM 10: 38

DEPUTY

BY _____

CRT

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| vs. | § | 437TH JUDICIAL DISTRICT |
| | § | |
| SHAUNA DENAY RIPLEY | § | BEXAR COUNTY, TEXAS |

## MOTION TO SUPPRESS BLOOD TEST

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes SHAUNA DENAY RIPLEY, Defendant in the above-styled and numbered cause, by and through undersigned counsel, and respectfully moves this Court to suppress all evidence seized as a result of illegal acts by the state. In support, the defendant shows the following:

1. On or about October 26, 2012, the defendant was arrested without a warrant for Intoxication Manslaughter, a felony offense.

2. The arrest and search of the defendant was without valid warrant, reasonable suspicion, or probable cause in violation of the Fourth and Fourteenth Amendments to the United States Constitution, Article I, Section 9 of the Texas Constitution, and Article 38.23 and Chapter 14 of the Texas Code of Criminal Procedure. The defendant requests a hearing outside the jury's presence to insure that evidence the state seeks to admit is admissible and to prevent the jury from being prejudiced by evidence which may be inadmissible.

3. All statements made, either oral or written, and any acts performed after said seizure of the defendant are fruits of the illegal arrest and search and are therefore inadmissible as fruits of the poisonous tree, as is any other evidence seized as a result of the statements and acts.

4.    Because the defendant was illegally detained but not arrested, there was no deemed consent to the taking of a blood specimen under Section 724.011, Tex. Transp. Code Ann. (Vernon). The officers also failed to give the defendant the required statutory warning under Section 724.015, Tex. Transp. Code Ann. (Vernon). Thus the blood seized from the defendant and the blood alcohol concentration analysis should be suppressed as the defendant's blood was taken in violation of the defendant's rights. The defendant also did not voluntarily, knowingly, and intelligently consent to the blood test.

5.    Additionally, the defendant's blood specimen was not taken within a reasonable period of time. The blood specimen was drawn hours after the defendant was arrested for Intoxication Manslaughter. There is no way to determine if, at the time the defendant's blood was taken, her blood alcohol concentration level had peaked or whether it was rising or declining. The blood was withdrawn so long after the defendant was stopped that there is no way to ascertain what the defendant's blood alcohol concentration was at the time she was actually driving.

6.    Furthermore, the person who collected the defendant's blood specimen was not qualified to do so, the person who collected the blood specimen did not follow the protocol developed by the medical director, and the person collecting the sample did not extract the blood specimen in a sanitary place in violation of Section 724.017, Tex. Transp. Code Ann. (Vernon).

7.    Furthermore, alcohol was used to swab the skin before blood was drawn tainting the sample.

8.    Up to 90 people's blood samples were tested simultaneously and the samples and results are tainted.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully moves this Honorable Court to set the matter for a pretrial hearing pursuant to Article 28.01 of the Texas Code of Criminal Procedure, and, after hearing the evidence, that the Court suppress all evidence seized as a result of the above described arrest and search and seizure, all evidence based on the blood test results, and any and all statements, either oral or written, made pursuant to or after the arrest of the defendant.

Respectfully submitted,

By: _DEBORAH S. Burke_
DEBORAH STANTON BURKE
325 South Main Avenue
San Antonio, Texas 78204
Telephone No.: (210) 299-1137
Telecopier No.: (210) 299-1139
Texas Bar No.: 03387475
Attorney for SHAUNA DENAY RIPLEY

## CERTIFICATE OF SERVICE

This is to certify that on _July 1_, 2014, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Bexar County, 300 Dolorosa, San Antonio, Texas 78205, by hand delivery.

_Deborah S. Burke_
DEBORAH STANTON BURKE

NO. 2013-CR-0670

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| vs. | § | 437TH JUDICIAL DISTRICT |
| | § | |
| SHAUNA DENAY RIPLEY | § | BEXAR COUNTY, TEXAS |

## O R D E R

On ___2 Sept___, 2014, came on to be considered SHAUNA DENAY RIPLEY's

Motion to Suppress Blood Test, and said motion is hereby

(Granted) (Denied)

Signed this __2__ day of __Sept__, 2014.

_____
JUDGE PRESIDING



## NO. 2013-CR-0670

| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 437TH JUDICIAL DISTRICT |
| | § | |
| SHAUNA RIPLEY | § | BEXAR COUNTY, TEXAS |

## NOTICE OF APPEAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes SHAUNA RIPLEY, Defendant in the above entitled and numbered cause, and gives this written notice of appeal to the Fourth Court of Appeals of the State of Texas from a plea of No Contest to the offense of Intoxication Manslaughter after the trial court denied Defendant's Motion to Suppress the Blood Test Results after pre-trial hearing. The Defendant was sentenced to 8 years in the Texas Department of Criminal Justice on April 29, 2015, pursuant to Tex. Code Crim. Proc. Ann. art. 1.15. The following matter which is the subject of this appeal was raised by written motion and ruled on before trial, and the trial court has granted defendant permission to appeal the issue, pursuant to Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure:

1.      The trial court erred in denying the pre-trial motion by Defendant to suppress the results of the blood test after hearing before the Court. The trial court's Certification of Defendant's Right to Appeal is attached as Exhibit A and incorporated by reference herein wherein the Defendant acknowledges that she has been informed of her right to appeal, including any right to file a pro se Petition for Discretionary Review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.



Respectfully submitted,

*Deborah S. Burke*

DEBORAH STANTON BURKE
325 S. MAIN AVE
SAN ANTONIO, TX 78204
Tel: (210) 299-1137
Fax: (210) 299-1139
State Bar No. 03387475
lawofcdsburke@yahoo.com
Attorney for SHAUNA RIPLEY

## CERTIFICATE OF SERVICE

This is to certify that on May 12, _____, 2015, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Bexar County, Texas, by hand delivery.

*Deborah Stanton Burke*

DEBORAH STANTON BURKE

No. 2013 CR 0670



| The State of Texas | § | In the 437 District Court |
| vs. | § | of |
| Shauna Denay Ripley | § | Bexar County, Texas |

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, judge of the trial court, certify this criminal case:

☐ is not a plea-bargain case, and the defendant has the right of appeal; (or)

☒ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal; (or)

☐ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal; (or)

☒ is a plea-bargain case, and the defendant has NO right of appeal; (or)

☐ is a revocation of the defendant's community supervision, and the defendant has the right to appeal the court's action revoking the community supervision, but not the underlying conviction; (or)

☐ is an adjudication of guilt following a deferred adjudication, and the defendant has a limited right of appeal; (or)

☐ is a decision on the defendant's motion for forensic DNA testing and the defendant has the right of appeal; (or)

☐ is one in which the defendant has waived the right of appeal.

_____
**JUDGE**

29 APRIL 2015
Date Signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the Court of Criminal Appeals. Tex. R. App. P. 68.2.

I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison unit. I understand that, because of appellate deadlines, if I fail to timely inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

_____
**DEFENDANT**

Deborah S Burke
**ATTORNEY FOR DEFENDANT**

Mailing address:_____
Telephone number:_____

Fax number if any:_____

Bar number: 03387475
Mailing address: 325 SO Main SA TX 78204
Telephone: 299-1137
Fax: 299-1139

*"A defendant in a criminal case has the right of appeal under Code of Criminal Procedure Article 44.02 and these rules. This trial court shall enter a certification of the defendant's right of appeal each time it enters a judgement of guilt or other appealable order. In a plea bargain case - that is, a case in which a defendant's plea was guilty or nolo contedere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant - a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULE OF OF APPELLATE PROCEDURE 25.2(a)(2).